STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF CLEVELAND  '21-CVS- 184

DEBORAH D. MURRAY,                )
                                  )
        Plaintiff,                )
                                  )
vs.                               )   **COMPLAINT**
                                  )   *(Jury Trial Demanded)*
WAL-MART STORES EAST, LP,         )
                                  )
        Defendant.                )

The Plaintiff, complaining of the Defendant, says and alleges that:

1. The Plaintiff is a citizen and resident of Cleveland County, North Carolina.

2. The Defendant, Wal-Mart Stores East, LP, is, upon information and belief, a corporation organized and existing pursuant to the laws of some State, and at all times herein alleged, was operating in, and having a principal place of business in Gastonia, Gaston County, North Carolina.

3. At all times herein alleged, the Defendant, Wal-Mart Stores East, LP, (hereinafter "Wal-Mart"), owned, managed, maintained, operated, and did business as a discount department and grocery store located at or near Myrtle School Road as Wal-Mart Store #5298, in Gastonia, Gaston County, North Carolina.

4. On or about February 25, 2018, at approximately 8:00 p.m., the Plaintiff was a patron of the Wal-Mart store located at or near Myrtle School Road in Gastonia, Gaston County, North Carolina, and as the Plaintiff was walking across the floor of the aforesaid Wal-Mart store while shopping, she slipped on a slippery substance on the floor, which later appeared to be water, and fell to the floor with great force and violence.

02/18/2021

5. The Plaintiff was unaware of the existence of the aforesaid slippery substance upon the floor of the store, upon which the Plaintiff fell, and the agents and employees of the Defendant knew, or in the exercise of reasonable care should have known, of the existence of the said slippery substance on the floor of the store.

6. At all times herein alleged, the agents and employees of the Defendant, Wal-Mart, were acting within the course and scope of their agency or employment.

7. As a result of her fall, the Plaintiff has sustained severe and painful injuries to her person, including, but not limited to, the following: injuries to her right knee requiring surgery, cuts and lacerations to her knees and legs, and damage to her nerves and nervous system; and the Plaintiff's aforesaid injuries have caused her to suffer great physical pain and mental anguish to the present time; and the Plaintiff is informed and believes, and thereupon alleges, that her injuries may be permanent in nature and that she may continue to suffer for the remainder of her life.

8. As a result of the aforesaid fall, the Plaintiff has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment; and the Plaintiff is informed and believes, and thereupon alleges, that she may require future medical attention and treatment.

9. The Plaintiff was gainfully employed at the time of the incident referred to herein, and as a result of her injuries she was unable to work for a period of time resulting in a large loss of earnings and earning capacity.

10. All of the aforesaid injuries and damages of the Plaintiff were directly and proximately caused by the careless, negligent, and unlawful conduct of the Defendant, Wal-Mart, acting by and through its agents and employees, whose names are unknown to the Plaintiff but

whose names are well known to the said Defendant, and their negligence consisted of the following acts and omissions:

(a) The agents and employees of the Defendant, while having actual or constructive knowledge of the existence of the said dangerous condition on the floor of the store, which she believed to be water, failed to warn the Plaintiff and other patrons of the store that the dangerous condition existed.

(b) The agents and employees of the Defendant failed to take any steps to make safe the dangerous condition existing on the floor of the store, about which the Defendant had actual or constructive knowledge and about which the Plaintiff and other lawful visitors of the store were unaware.

(c) The agents and employees of the Defendant failed to make a reasonable inspection of the premises, and in particular, the floor of the store, which reasonable inspection would have revealed the existence of the dangerous condition on the floor of the store, and which would have allowed the agents and employees of the Defendant to remove the said dangerous condition.

(d) The agents and employees of the Defendant, in pursuance of their duties, carelessly and negligently created the dangerous condition upon the floor of the store and failed to warn the Plaintiff and other patrons of the store of the existence of the said dangerous condition, and failed to inspect the premises and failed to take measures to make safe the dangerous condition which they carelessly and negligently created.

(e) The agents and employees of the Defendant carelessly and negligently allowed a dangerous condition to be created upon the floor of the store in the general vicinity where the Plaintiff fell, thereby causing the aforesaid dangerous condition to exist.

(f) The agents and employees of the Defendant failed to make any effort to remove the said dangerous condition from the floor of the store, being aware that the Plaintiff and other lawful visitors of the store customarily followed a route across the floor of the store which would carry them over or near the dangerous condition.

(g) The agents and employees of the Defendant carelessly and negligently maintained a floor cleaning machine which was used to clean the floors in the store, which machine allowed water to be deposited on the floor and thereby allowing the dangerous condition to exist.

02/18/2021 Case 1:21-cv-00142-MR-WCM Document 1-2 Filed 05/27/21 Page 3 of 5

(h) The agents and employees of the Defendant failed to properly maintain the floor cleaning unit which was used to clean the floor of the store when they knew, or in the exercise of reasonable care should have known, that the floor cleaning unit deposited water upon the aisles of this store, thereby imposing a hazard to the Plaintiff and other patrons of the store.

(i) The agents and employees of the Defendant failed to close off or barricade the aisle of the store which was being cleaned by the floor cleaning machine, thereby exposing the Plaintiff and other patrons of the store of the hazardous condition of a wet, slippery substance.

(j) The agents and employees of the Defendant carelessly and negligently hired and supervised, or failed to supervise, a third-party vendor to clean and maintain the floors of the store.

(k) The agents and employees of the Defendant cleaned the floors of the store, or allowed the floors of the store to be cleaned, during store hours in which there was sufficient store traffic that the floor cleaning would likely conflict with the nature and extent of the store traffic.

(l) The agents and employees of the Defendant were otherwise careless and negligent in failing to make the store premises reasonably safe for the Plaintiff and other store customers.

11. The aforesaid dangerous condition existing upon the floor of the store was both a hidden and dangerous condition, of which the Plaintiff was unaware in her exercise of reasonable care as a shopper in the store.

12. As the direct and proximate result of the aforesaid negligence of the Defendant, Walmart, by and through its agents and employees, the Plaintiff has sustained injuries and damages to her person in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANT AS FOLLOWS:

A. That she have and recover of the Defendant a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) for her personal injuries and damages.

B. That all issues of fact be tried by a jury.

C. That the costs of this action be taxed against the Defendant.

D. For such other, further, and different relief to which the Plaintiff may be entitled.

This the 4th day of February, 2021.

Michael J. Bednarik, Attorney for Plaintiff
N.C. State Bar No.: 10143

**KING LAW OFFICES**
**Michael J. Bednarik, Attorney at Law**
**2004 Park Drive**
**Charlotte NC 28204**
**Telephone: 828-286-3332**
**E-mail: mbednarik@kinglawoffices.com**